IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASHLEY YANNAYON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00256-DGK |
| QUIKTRIP CORPORATION, | ) |
| Defendant, | ) |
| v. | ) |
| ADVANCED WELDING, INC., | ) |
| Third-party Defendant. | ) |

**ORDER REGARDING DISCOVERY DISPUTE**

This case arises from Plaintiff Ashley Yannayon's allegation that as she walked across the parking lot of Defendant/Third-Party Plaintiff Quiktrip Corporation's ("QT") store, she slipped and fell on untreated snow, ice, or some other slick substance, severely injuring her head, neck, and back. Plaintiff contends QT is responsible for her injuries.

Now before the Court is a discovery dispute concerning QT's second request for production of documents to Plaintiff. After reviewing the parties' initial memos submitted in advance of the scheduled teleconference, the Court finds it does not need to hear argument to resolve this matter. The teleconference set for May 3, 2024 is cancelled.

The background to this discovery dispute is as follows.

On August 9, 2023, QT served Plaintiff with its Second Requests for Production ("the RFP"). The request contained fifteen requests for specific documents related to Plaintiff's damages; for example, documents concerning Plaintiff's educational progress (Plaintiff alleges

she stopped pursuing her master's degree due to head injuries she sustained in the fall), documents concerning Plaintiff's work history, documents concerning her medical records and bills, etc.

For reasons neither party has explained, Plaintiff did not respond to the RFP until April 17, 2024, shortly before the close of discovery.[1] Plaintiff's response did not include *any* documents, even though some of the documents—such as evidence of medical bills—are vital to prove damages in a personal injury case such as this one. Instead, Plaintiff's responses to most of the requests consisted of the following: (1) "Plaintiff is not in possession of responsive materials;" (2) "Plaintiff is not in possession of responsive documents but agrees to provide Defendant with an executed authorization to collect the requested materials;" or (3) "Plaintiff is not in possession of responsive materials . . . but hereby agrees to provide Defendant with an executed medical authorization, properly limited in scope, to obtain responsive documents."

After QT conferred with Plaintiff, Plaintiff provided a supplemental response on April 23, 2024. The supplemental response provided more information in response to each request, for example, names of specific medical providers and employers (some of whom were disclosed for the first time), as well as addresses and contact information, but still no documents. The supplemental response also noted that Plaintiff provided executed authorizations for some of this information in September 2023.

In its discovery dispute memo, QT complains that the documents it seeks are basic documents related to damages that Plaintiff has a separate duty to produce under Rule 26(a)(1)(A), and her refusal to produce these documents prejudices QT. Further, QT contends the authorizations themselves are insufficient, and Plaintiff's withholding of provider names until the end of discovery forecloses its ability to seek records or conduct follow-up discovery. QT states

---

[1] Discovery is due to close May 10, 2024.

2

Case 4:23-cv-00256-DGK   Document 80   Filed 05/01/24   Page 2 of 4

it already submitted authorizations to entities Plaintiff previously disclosed, and some of these entities provided no records in response, while others provided incomplete sets. QT contends that at least two of the medical providers Plaintiff identified, UC Davis and Smithville Dental, had no medical records concerning Plaintiff. QT also intimates that while Plaintiff may not be in possession of these documents, they are in her custody or control.

In her memo, Plaintiff notes she has indicated she is not in possession of the requested materials (other than what she already produced, presumably in response to QT First Request for Production of Documents), and she cannot produce what she does not have. Plaintiff notes the burden of establishing that she has control over the documents is on QT since it is the party seeking production from her.

The Court rules as follows.

Under Federal Rule of Civil Procedure 34(a)(1), a party need only produce those documents that are in its "possession, custody, or control." Here, Plaintiff has repeatedly stated on the record that she does not have *any* of the requested documents, and "[a] mere belief, without any more evidence, that a party has not produced documents or evidence in its possession, is insufficient for a motion to compel." *Weisman v. Barnes Jewish Hosp.*, No. 4:19-CV-0075 JAR, 2022 Lexis 50815, at *8 (E.D. Mo. Mar. 22, 2022).[2] While Plaintiff not having these documents is very unusual, particularly since this is a personal injury case, Plaintiff's counsel is an officer of the Court, and the Court will take him at his word when he tells the Court that Plaintiff does not have responsive documents in her possession. Further, QT has identified no grounds for the Court

---

[2] In citing this case, Plaintiff's counsel failed to follow the Court's instruction to provide a "pinpoint citation," that is, a page number, for the quote. *See* Text Order Setting Disc. Dispute Teleconference, ECF No. 70. Counsel also did not identify the legal research service on which the case could be found. In the future, counsel will provide a complete pinpoint citation or his brief will be returned.

3

to order Plaintiff to retrieve these documents for QT. QT has not demonstrated Plaintiff has more control over these documents than it does, and Plaintiff has provided QT with executed authorizations so it can go retrieve these records if it wants. This is sufficient. Thus, QT's objections to Plaintiff's answers to requests 1–6, and 8–12 are overruled.

Of course, the problem for Plaintiff is that discovery is essentially over now, and she does not have these documents. Under the Federal Rules, if she has not produced such responsive documents by now, she will not be permitted to use them at trial during her case-in-chief. And without such documents, the evidence Plaintiff can present on her damages is very, very limited.

As for request number 14, it seeks, "Any communications between you and your medical/health insurance providers related to coverage or treatment for the injuries you allege were caused by the incident at QT." Plaintiff objected to this request, arguing it "seeks confidential protected health provider information and communications between Plaintiff and her medical treatment providers. Plaintiff has provided Defendant with Plaintiff's medical records that relate to the incident at QT." QT rightly argues that Plaintiff waived any heath care privileges she had relating to these records by placing her medical condition at issue in this litigation.

QT's objection to this answer is sustained. Plaintiff shall provide this information to QT on or before May 17, 2024.

**IT IS SO ORDERED.**

Date:   May 1, 2024                           /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT

4