IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASHLEY YANNAYON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00256-DGK |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| ADVANCED WELDING, INC., ) | |
| ) | |
| Third-party Defendant. ) | |

**ORDER DENYING MOTION TO AMEND SCHEDULING ORDER**

This case arises from a slip and fall accident. Plaintiff Ashley Yannayon alleges that as she walked across the parking lot of Defendant/Third-Party Plaintiff Quiktrip Corporation's ("QT") store, she slipped and fell on untreated snow, ice, or some other slick substance, severely injuring her head, neck, and back.

Now before the Court is Plaintiff's Motion to Amend Scheduling Order. ECF No. 66. Because Plaintiff has been dilatory in conducting discovery, the motion is DENIED.

**Background**

The procedural background to this motion is as follows. Plaintiff filed her initial Complaint in the Circuit Court of Jackson County, Missouri, on July 21, 2022. On April 14, 2023, QT removed this case to federal court.

On July 21, 2023, this Court entered its scheduling order, ECF No. 14, which set July 28, 2023, as the deadline to join additional parties or to amend the pleadings, and December 8, 2023, as the deadline to complete discovery.

On July 28, 2023, Plaintiff filed her First Amended Complaint, which added some details to her allegations, but did not bring additional claims or add any additional parties.

On October 31, 2023, QT filed its unopposed motion to file a third-party complaint against Advanced Welding, Inc. ("Advanced"). QT attached the proposed third-party complaint to the motion. It alleged QT had contracted with Advanced to remove snow and ice from the store's parking lot, and that Advanced was required to obtain insurance coverage for snow removal operations and to indemnify QT for any claims. The Court granted the motion and QT filed the Third-Party Complaint on November 2, 2023.

After QT served Advanced, the Court directed the parties to meet and confer on a revised scheduling order. A proposed amended scheduling order was filed on January 19, 2024.

On February 5, 2024, the Court denied Plaintiff's motion for leave to amend the complaint to add an indispensable party and remand to state court. The Court denied the motion in part because Plaintiff had been dilatory in conducting discovery. The Court wrote:

> . . . there has been dilatory conduct and undue delay on Plaintiff's part. Conducting little or no discovery in a case that has been pending for seventeen months is dilatory. Although the Court can imagine reasons why Plaintiff's counsel might be reluctant to conduct a significant amount of discovery in a case such as this one—perhaps believing the case is unlikely to be tried, he wants to maximize his client's recovery by keeping litigation costs low—but doing no or almost no discovery makes no sense. And waiting six weeks to file a motion to amend out of time to add a supposedly indispensable party constitutes undue delay.

Order Denying Leave to Amend the Compl. at 4, ECF No. 52.

That same day, the Court entered an amended scheduling order which stated in the "Key Dates" section on the first page that "All discovery shall be completed on or before May 10, 2024." Am. Scheduling and Trial Order, at 1, ECF No. 53. Paragraph four of the order was quite specific:

> *All pretrial discovery* authorized by the Federal Rules of Civil Procedure *shall be completed (not simply submitted)* on or before <u>May 10, 2024</u>. Accordingly, all discovery requests and depositions shall be submitted, responded to, and/or taken prior to the date specified in this paragraph and all disputed issues shall be brought to the Court's attention and resolved prior to this time.

Id. ¶ 4 (italics added).

Even so, Plaintiff did not serve her first interrogatories and requests for production on QT until April 19, 2024.

Four days later, on April 23, 2024, Plaintiff filed the pending motion to amend the scheduling order to extend the discovery deadline from May 10, 2024, to June 7, 2024. Plaintiff stated the extension was necessary "to allow parties to complete depositions and responses to remaining discovery requests." Mot. at 2, ECF No. 66.

QT opposes the request, noting Plaintiff waited until April 19 to serve its first discovery on QT; Plaintiff has not taken any QT witness depositions; and it had already agreed to postpone corporate representative depositions until after a May 21, 2024, mediation, but it did not agree to extend the deadline to take any other discovery.

## Discussion

As a threshold matter, the motion does not comply with the requirements of Local Rule 16.3(a)(2) because it fails to specifically describe and schedule the remaining discovery that needs to be taken, along with "the names of each remaining deponent and the date, time, and place of each remaining deposition." L.R. 16.3(a)(2). More importantly, the motion does not establish

3

"good cause" because it does not demonstrate there has been "active discovery" or that "disabling circumstances precluded active discovery." L.R. 16.3(b). On the contrary, Plaintiff has been dilatory in conducting discovery.

The motion to amend the scheduling order is DENIED.

**IT IS SO ORDERED.**

Date:   May 1, 2024                                       /s/ Greg Kays
                                                                                    GREG KAYS, JUDGE
                                                                                    UNITED STATES DISTRICT COURT